IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DERRICK S. GALVIN                                                                                              PLAINTIFF
ADC #163461

v.                                              5:19-cv-00075-KGB-JJV

BRANDON CARROLL, Major,
Varner/VSM; *et al.*                                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     INTRODUCTION

Derrick S. Galvin ("Plaintiff") is a prisoner in the Varner Super Max ("VSM") Unit of the Arkansas Department of Correction ("ADC").  He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by placing him in the eighteen-month behavior modification program at the VSM.  (Doc No. 4.)  After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ALLEGATIONS

On April 17, 2018, Plaintiff was involved in an unspecified "incident" while he was in general population at the Ouachita River Unit ("ORU"). (Doc. No. 4 at 5.) On May 8, 2018, the ORU Classification Committee decided to transfer Plaintiff to the VSM for completion of an eighteen-month behavior modification program. (*Id*.) Plaintiff did not agree to the transfer, and he claims to have never received the paperwork explaining the ORU Classification Committee's decision. (*Id.*) Plaintiff challenges the constitutionality of the initial transfer decision as well as his continued confinement in segregation at the VSM. For the following reasons, I conclude he has failed to plead a plausible claim for relief against any of the Defendants.

Prisoners do not have a constitutional right to be housed in the facility of their choosing or to remain in general population. *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993). In *Wilkinson v. Austin*, 545 U.S. 209, 223-25 (2005), the Supreme Court held that a prisoner had a

constitutionally protected liberty interest in avoiding confinement in an Ohio super max facility, based on the severely restrictive conditions of that particular facility and his ineligibility for parole consideration. The Eighth Circuit has not decided whether the VSM is as restrictive as the Ohio super max prison, such that Arkansas prisoners have a liberty interest in avoiding placement there. *See Chestang v. Varner Super Max,* No. 12-2189, 2013 WL 104539 (8th Cir. Jan. 9, 2013) (unpublished opinion) (stating, without discussing *Wilkinson*, that placement in the VSM's behavior modification program did not implicate a liberty interest); *Griggs v. Norris,* Case No. 07-1933, 2008 WL 4821633 (8th Cir. Nov. 7, 2008) (unpublished opinion) (presuming, without deciding, that a prisoner had a liberty interest in avoiding placement in the VSM); *Lewis v. Kelley*, No. 5:16CV00043-BSM-JTK, 2016 WL 8257678 (E.D. Ark. Dec. 12, 2016) (unpublished opinion) (finding an Arkansas prisoner did not have a liberty interest in avoiding placement in the VSM because the conditions there are not as severe as the Ohio facility reviewed in *Wilkerson*).

If Arkansas prisoners do have such a liberty interest in avoiding placement in the VSM, *Wilkerson* requires they receive notice, a hearing, a short statement of the reasons for maximum security placement, and an opportunity to appeal. *Wilkerson*, 545 U.S. at 225-27. Plaintiff says the ORU Classification Committee gave him notice and a hearing but failed to give him a statement of the reasons for transfer or notify him of his right to appeal. These allegations may be sufficient to plead a plausible due process claim against the members of the *ORU Classification Committee*. However, Plaintiff has *not* named any of them as Defendants. Instead, he has named members of the VSM Classification Committee, who were not personally involved in the transfer decision. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff has also named Defendant ADC

4

Director Kelley, but he admits that he was not able to appeal the ORU Classification Committee's decision to her. Thus, Plaintiff has failed to plead a plausible *Wilkerson* due process claim against any of the named Defendants regarding the decision to transfer him to the VSM.[1]

Plaintiff also challenges the decision of the VSM Classification Committee (Defendants Carroll, Shipman, Gibson, Byers, Turner, and Washington) to keep him segregated in the behavior control program instead of returning him to general population, and Defendant Kelley's refusal to reverse that decision. Prisoners have a right to due process of law only if prolonged placement in segregation constitutes an "atypical and significant hardship." *Sandin v. Conner,* 515 U.S. 472, 483–87 (1995). It is doubtful Plaintiff's eighteen-month confinement in the VSM behavior modification program is sufficiently "atypical and significant" to trigger due process protections. *See Williams v. Norris*, No. 06-3595, 2008 WL 2003319 (8th Cir. May 12, 2008) (unpublished opinion) (nine years in administrative segregation was an "atypical and significant hardship"); *Herron v. Schriro,* No. 99-3232, 2001 WL 360479 (8th Cir. Apr. 12, 2001) (unpublished opinion) (twelve years in administrative segregation was an "atypical and significant hardship"). Even if the Court presumes it is, due process only requires that prison officials "periodically" conduct "meaningful" reviews of Plaintiff's continued confinement. *See Williams v. Hobbs*, 662 F.3d 994, 1007-09 (8th Cir. 2012); *Rahman X v. Morgan*, 300 F.3d 970, 973-47 (8th Cir. 2002). In the Amended Complaint, Plaintiff concedes Defendants are routinely reviewing his continued placement in segregation, and nothing suggests theses reviews are not meaningful. Instead, Plaintiff challenges the merits of Defendants' decision to keep him segregated in the behavior

---

[1] If Plaintiff wishes to pursue a *Wilkerson* due process claim against the ORU Classification Committee, he should file a new § 1983 complaint in the Western District of Arkansas, Hot Springs Division, where venue is proper. *See* 28 U.S.C. § 1391 (venue is proper in the judicial district where the defendants reside or where a substantial part of the events giving rise to the claims occurred).

modification program as being contrary to ADC policy. However, he does not have a constitutional right to enforce compliance with internal prison rules or regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997).

Finally, Plaintiff claims the VSM behavior modification program is "unlawful" because it has not been "passed by the legislature of Arkansas." (Doc. No. 4 at 7.)  But, "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993). Thus, I conclude Plaintiff has failed to plead a plausible § 1983 claim regarding his continued placement in segregation at the VSM.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention in my March 6, 2019 Order and warned him that I would recommend dismissal if he did not cure them. (Doc. No. 3.) Although he has been given a second opportunity, Plaintiff has failed to plead a plausible claim for relief against any of the Defendants. Thus, I recommend the case be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. No. 4) be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of April 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE