# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DERRICK S. GALVIN**  
**ADC # 163461**                                                              **PLAINTIFF**

v.                    Case No. 5:19-cv-00075-KGB-BD

**BRANDON CARROLL,** *et al.*                                                 **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Finding and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 5). Plaintiff Derrick S. Galvin filed objections to the Proposed Findings and Recommendations (Dkt. No. 6). Mr. Galvin also filed a motion for order (Dkt. No. 7). After careful consideration of the Proposed Findings and Recommendations, Mr. Galvin's objections, the motions and notices filed by Mr. Galvin, and a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 5).

Most of Mr. Galvin's objections restate previous claims addressed by the Proposed Findings and Recommendations. Mr. Galvin's objection that raises a new issue relates to Judge Volpe's assertion that Mr. Galvin brought his only possibly viable constitutional claim against the wrong defendants. Mr. Galvin claims that his transfer took place without an explanation and without informing him of this right to appeal (Dkt. No. 4, at 5). Judge Volpe stated that, while failure to give Mr. Galvin the notice, hearing, and opportunity to respond may amount to a sufficient due process claim against the Ouachita River Unit ("ORU") Classification Committee, Mr. Galvin improperly brought this action against the Varner Super Max ("VSM") Classification Committee which was "not personally involved in the transfer decision." (Dkt. Nos. 5, at 4). Mr.

Galvin claims that the VSM Classification Committee may be held liable for the ORU Classification Committee's decision to transfer him to his present location. Mr. Galvin asserts that the transfer of an inmate between units involves a "two way streak [sic]" where the classification committees of both units agree on a course of action and, therefore, that VSM constitutes a proper defendant (Dkt. No. 6, at 5).

No evidence before the Court supports Mr. Galvin's assertion that the ultimate decision regarding his transfer lay with anyone other than the ORU Classification Committee. The possible constitutional claim Judge Volpe suggests that Mr. Galvin may be able to bring arose from the failure to inform Mr. Galvin of the reasons for his transfer and right to appeal, which appear to be responsibilities that lie with the ORU Classification Committee (Dkt. No. 5).

The Court agrees with Judge Volpe's footnote 1 in the Proposed Findings and Recommendations regarding the proper venue and defendants for such a potential claim:

> If [p]laintiff wishes to pursue a *Wilkerson* due process claim against the ORU Classification Committee, he should file a new § 1983 complaint in the Western District of Arkansas, Hot Springs Division, where venue is proper. *See* 28 U.S.C. § 1391 (venue is proper in the judicial district where the defendants reside or where a substantial part of the events giving rise to the claims occurred).

(Dkt. No. 5, at 5 n.1).

The Court therefore dismisses without prejudice Mr. Galvins's case for failure to state a claim upon which relief may be granted. The Court finds that this dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g). The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be in good faith. The Court dismisses as moot Mr. Galvin's motion for order (Dkt. No. 7).

It is so ordered this 12th day of July, 2019.

_____
Kristine G. Baker
United States District Judge